CHISHOLM *v.* ANN ARBOR RAILROAD CO.

1. CARRIERS—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—RAILROADS —EVIDENCE—ALIGHTING FROM TRAIN.

In an action for personal injuries received by plaintiff while alighting from defendant's passenger train, the court was not in error in admitting evidence as to where the train stopped on former occasions, as to its position with reference to the station platform the night of the accident, and as to the condition of the right of way at the point where plaintiff alighted; such evidence being competent for the purpose of determining whether either or both of the parties was negligent.

2. SAME—DIRECTED VERDICT—EVIDENCE.

Where the evidence was conflicting, some of it tending to

show that defendant was negligent and that plaintiff was free from contributory negligence, the court was not in error in refusing to direct a verdict for defendant.

3. TRIAL—REQUESTS TO CHARGE—INSTRUCTIONS.

Refusal of the trial court to give requested instructions was not error, where the charge as given fully instructed the jury upon the law of the case.

Error to Isabella; Dodds, J. Submitted November 23, 1914. (Docket No. 115.) Decided July 23, 1915.

Case by Susan H. Chisholm against the Ann Arbor Railroad Company for personal injuries. Judgment for plaintiff. Defendant brings error. Affirmed.

*Gustavus Ohlinger* and *F. H. Dusenbury* (*Alexander L. Smith,* of counsel), for appellant.

*De Foe, Hall & Converse,* for appellee.

MOORE, J. The issues involved in this case are so clearly stated by the trial judge in his charge to the jury that we quote from it freely as follows:

"Gentlemen of the jury, the plaintiff in this case seeks to recover damages she claims she has sustained by reason of an injury received while alighting from a train of the defendant at the Rosebush station, in this county. It is her claim that on the evening of April 8, 1913, she entered a regular passenger train of defendant at its station at Mt. Pleasant and became a passenger thereon for hire to be carried to the station of Rosebush, in this county; that when the train stopped for the station at Rosebush, about 10 o'clock in the evening, or a little later, plaintiff left her seat and went to the platform of the coach to dismount in the usual and ordinary manner; that there is a level board platform constructed along the tracks at such station, and that theretofore such train had regularly stopped thereat, and certain of the trainmen had theretofore made it a practice to place upon said platform and in proper position beneath the steps of such coaches a stool, or stepping box, so that the passengers,

in alighting from such train, could step upon such box and then to such board platform in safety; that it was dark when such train arrived at said station on the evening in question, and that there were no lights either in said station building nor upon said station grounds, and no lights were furnished thereat by the men in charge of said train, other than shone from the windows thereof, and that this cast no reflection upon the steps or the ground beneath; that certain passengers preceded plaintiff in leaving such train by the same steps, and that one of such trainmen stood on the ground and at the side of said steps in the usual position to render assistance to passengers; that, in emerging from such lighted train into the darkness, plaintiff was unable to distinguish the exact location of said train with reference to said platform, but supposed and judged from the position of such trainman, and his failure to give any warning to or advise her to the contrary, that said train had stopped in its usual position, opposite said platform, and that she would be required to pass from said steps to such stool and then to such board platform. But plaintiff claims that said train had stopped before the steps of such coach had reached said platform, and that the ground thereat and beneath the steps of such coach was the ordinary sand and gravel roadbed; that it was slanting instead of level and formed an insecure footing and an improper and insecure resting place for such step box, and that the distance from the step of such coach to such step box was considerably greater than when such step box is placed upon the board platform; that, before she stepped from such train, she looked and thought that she saw that the step box had been placed, and assumed that it was in its usual position upon such board platform, and was not warned or advised to the contrary, and that, as she stepped down, the trainman took her by one arm and another gentleman by the other, but owing to the fact that such step box had been placed too far beneath the step, and being slanting and insecure and of small area, only a portion of her foot struck the top of the box, and she was thrown, causing the injuries complained of.

"There is no claim on the part of the plaintiff that she was thrown clear to the ground, but her claim is

that she stepped with her heel upon the west edge of the step box, she getting out on the west side of the train, and that then her foot slipped forward and sideways to the south, as I understand her, descending in that way, and in some way injured her knee.

"She claims that defendant was negligent in not stopping at the board platform, and claims that the place where she was required to alight was an unsafe and unsuitable place for the passengers to dismount from this train in the darkness. She further claims that, the train having been stopped at this place, it was the duty of the defendant to have provided reasonably safe means for her to have left the train and to have furnished her with sufficient light and assistance to have alighted in safety, by the exercise of reasonable care on her part.

"Now the defendant claims that while the train did not stop at the platform, so that this coach, in which the plaintiff was riding, would stop with the steps of the coach on the platform, still it was in a safe place for her to alight, and that the place and means provided were reasonably safe for her to alight, and that in that particular the defendant was not negligent at all. It is also claimed that these men who had charge of the train—the brakeman assisted her to the best he could to alight, and, as I understand, their claim is that the defendant's brakeman told her to step out, and that she failed to do it, and that, by reason of her failure, her foot went inside the box towards the train instead of alighting on the box, as she ought to have done. * * *

"The claim on the part of the defendant is that it did all that it was required to do under the law at that time to have her alight in safety, and that it was by reason of her own negligence in not paying attention to what she was doing, when she ought to have done so, that caused the injury. * * *

"Negligence is the basis of this action. The plaintiff sues this company because she claims that the company was negligent at the time of her alighting from that train and by reason of their negligence that she was injured and not because of any negligence on her own part. That is the basis of her case. If she fails to prove that she hasn't any case, or if she should prove

that the company was negligent and fails to prove that she herself was in the exercise of due care, then she cannot recover. So that it is necessary for you to pay particular attention to what negligence is. It consists in the want of that reasonable care which would be exercised by a person of ordinary prudence under all the existing circumstances, in view of the probable danger of an injury, and also of a failure to observe that degree of care which the law requires for the protection of interest likely to be injuriously affected by the want of it; a failure to observe, for the protection of another's interests, such care, precaution, and vigilance as the circumstances justly demand and the want of which causes injury. Now that negligence is what is charged here against the defendant. The plaintiff not only charges negligence upon the part of the defendant, but affirmatively that she was herself in the exercise of due care. That is to say, that she had not contributed to the injury she sustained by reason of her own want of care or her own negligence, and, as applied to her, this definition means that it was her duty, at the time of alighting, to use such due care on the occasion as a prudent person would have done under the circumstances.

"Now the burden of proof is upon the plaintiff throughout this case upon these two important points; in fact, upon three points. There are three things you must find in this case in order that the plaintiff recover: *First*, that the defendant was negligent in the manner that is charged as negligence in the plaintiff's declaration, and that, by reason of that negligence, she was injured; and she must also show that her own negligence did not contribute to that injury. Then, if she has shown these two things, the burden of proof being upon her to show by a preponderance of the testimony in her favor, she must show she has been injured thereby and the extent of the injury. *   *   *

"Now these are the things that are claimed to be negligent, and that I think you may consider: *First*, that there was no light there, as the plaintiff claims, if you find that to be a fact that there was no light there. Defendant claims that the brakeman had a lantern on his arm, and that it showed sufficient light

for all purposes. Now, the plaintiff says that there wasn't any light; that the brakeman didn't have any light there at all. Now, if it was entirely dark there, or if it was so dark that the plaintiff could not see where to step, and the train stopped there for her to get out, and she missed her way by reason of not being able to see, when she thought it was safe for her to step down, then that might amount to such negligence, upon the part of the defendant, as would justify recovery, if you find it to be such. That is, it is for you to say whether or not that was such negligence as I have explained to you it consists of, and, if you find that that comes under the definition I have given you, then it is proper for you to base a verdict upon that, provided proof of other things are made, but you must find, in order to determine that that was the reason of the injury, that that was the cause of it. And it is claimed that the distance was great from the step to the ground, and that is for you to consider whether that was a proper distance to require a passenger to step down; and this woman is to be judged by her condition at that time, because it is shown in this case that the brakeman himself did have hold of her arm, and must have known, or ought to have known, something about the fact that it was a woman, and her size, etc., and anything that he could tell when he was there, and you should consider that in determining whether defendant was guilty of negligence in allowing her to step down that length of step.

"Now, it is claimed also that the box was placed upon tilting ground, and that it did tilt toward the west, and that is claimed as negligence. This is for you to consider under what I have stated to you of what negligence is, and for you to deliver of your verdict whether placing of that box in that way, if you find it to be tilting, was negligence; defendant denying that the ground was slanting, and claiming that the ground was level at the time.

"It is claimed also on the part of the plaintiff that the box was placed too far under the step, and that plaintiff, when stepping off, instead of stepping on the box securely, stepped on the outside edge of it, and in that way she slid off the box, and that that caused the injury of which she complains.

"Now, I think you may consider these, and if you find that defendant was guilty of any act of negligence in any one of these four things, and that complainant was not at all negligent herself (that is, that no negligence on her part contributed to the injury), then it would be proper for you to find a verdict in her favor.   *   *   *

"Now, on the part of the defendant, I am asked to charge you that the evidence is undisputed that plaintiff was informed, before leaving the last step of the coach, that it was a long step from there to the top of the box. In connection with that, the language is a long step. The request refers to the statement made by Mr. Johnson that the step was high. It was therefore her duty, on the occasion in question, to use more care in alighting from the coach than she would otherwise have been called upon to exercise. That is to say, if she knew the danger, she should conduct herself accordingly. If she failed in this regard to use such care as she ought to have used, and her failure contributed to her own injury, the company is not liable, and your verdict must be not guilty, if you find that to be true. If you find that she did exercise the amount of care that she ought to have exercised, that is for you to say whether she did or not.

"I charge you that, in providing for a safe place to alight, defendant is held only to the exercise of reasonable care; that is, such care as a man of ordinary prudence would exercise under the same circumstances. I have stated that to you before; but, inasmuch as the request is proper and in such language as the parties desire, it is my duty to state it to you also in their language.

"I charge you further that, when plaintiff attempted to step on the box, she had already been apprised of the fact that it was somewhat dark, and that the box was some distance below the step. It was therefore incumbent on her to use care commensurate with these conditions; and if she failed in this regard, and her failure contributed to the accident, then the company is not liable.

"I charge you if the defendant was negligent, and if the plaintiff knew of such negligence, then it was her duty to use proper care to avoid any effects of such

negligence; and if she failed therein, and her failure contributed to cause the injury, then the defendant would not be liable.

"I instruct you further that the law does not require, under ordinary circumstances, that the employees of a railroad company hold the arms of ·passengers to assist them in alighting.

"Further I charge you, if you find this injury was accidental and not caused by the fault or negligence of either of the parties, either the plaintiff, Mrs. Chisholm, or the defendant company, or its crew, then your verdict should be no cause of action or not guilty.

"I am asked to charge you, gentlemen, that, unless you find by a preponderance of the evidence that the plaintiff fell over the west edge of the step box, then your verdict must be for the defendant. Instead of giving that to you in that language, I say to you that the words 'fell over'—I don't give it to you in the terms here because of those words, but I do charge you that, in order for the plaintiff to recover, you must find that she stepped upon the west edge of the box, as she claims she did (as it is claimed), and that she did not fall as the defendant claims, stepped over the south end of the box. In that, plaintiff is held to the charges made in the declaration specifically as alleged. Her claim is she stepped with her heel on the front edge of the box, and that she slipped off in that way, and doesn't say to the south, and that that was how the injury was caused.    *    *    *

"The defendant desires me to state a little more particularly the claim of the defendant. The claim of the defendant is (I think I stated it before, but so as to ·be sure you understand it) that the plaintiff did not step on the box, and consequently the position where the box was has nothing to do with the claim; that, inasmuch as the plaintiff did not step on the box, it makes no difference whether the box was there or not, and has no connection with the injury; that the distance of the step does not enter into it; and further that the position where the box was placed, whether in under the step or not, makes no difference, if she didn't step at the place where the box should have been; that she tipped over toward the south. That is the claim of the defendant. I stated to you

in the beginning what the claim of the plaintiff is and what the claim of the defendant is. The defendant asked me to state that more clearly so you could understand it."

The jury returned a verdict in favor of the plaintiff in the sum of $1,400. From a judgment on that verdict, the case is brought here by writ of error.

The errors assigned are discussed under the following heads:

I. (a) In denying defendant's motion to strike out all the testimony in regard to where the train stopped on former occasions. (b) In denying defendant's motion to strike out all the testimony in regard to the position with reference to the platform where the passengers alighted on the night of the accident. (c) In denying defendant's motion to strike out all the testimony, in regard to the condition of the right of way at the point where plaintiff alighted, as to whether it was slanting or not, and with what it was covered.

II. Error in overruling defendant's motion made at the close of plaintiff's testimony and again at the close of all the testimony for a directed verdict, upon each of the reasons assigned by defendant for such directed verdict.

III. Errors in refusing to charge as requested by defendant.

I. The plaintiff lived at Rosebush. She weighed nearly 200 pounds. She had frequently taken trains on defendant's road at Rosebush and alighted from them at the same station. The testimony disclosed there was at Rosebush station a wooden platform about 4 feet wide and upwards of 150 feet in length, opposite which trains usually stopped when passengers were leaving or boarding the trains. The accident happened about 10 o'clock in the evening. The car in which plaintiff was riding was the first car back of the smoker. When the station was called, she left the car at the front end. The brakeman assisted her to alight. The train, instead of stopping opposite the

platform, stopped so that the front end of the car plaintiff was leaving was 30 feet or more from the end of the platform. We think the testimony objected to was entirely competent for the purpose of enabling the jury to determine whether either or both of the parties to the litigation was negligent.

II. Did the judge err in refusing to direct a verdict? The testimony was somewhat conflicting, and from some of it the jury would be warranted in finding defendant negligent, and that the conduct of the plaintiff was that of a reasonably prudent person. There were questions of fact for the jury.

III. Did the judge err in refusing to give some of the defendant's requests to charge? While we have quoted freely from the charge of the court, we did not quote all of it, but we think it clear, from reading the entire charge, that the jury was fully instructed upon the law of the case. The case was tried with care. We find no reversible error.

Judgment is affirmed.

BROOKE, C. J., and KUHN, STONE, BIRD, and STEERE, JJ., concurred with MOORE, J. OSTRANDER, J., concurred in the result.

This case was originally assigned to the late Justice McALVAY.